| Circuit Court Hamilton County, Tennessee | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 2 | Case Number: 22C764 |
|---|---|---|
| | **Danuta Plyer vs. Northline Utilities, LLC and Jacob D. Simmons** | |

**Northline Utilities, LLC**
C/O Registered Agent: James Atkins
C/O Chief Financial Officer: Lori Mayott
C/O Other Officer
15 School Lane, Suite 200
AuSable, NY 12912-4352
(serve through TENNESSEE SECRETARY OF STATE)


FILED IN OFFICE 2022 JUL 22 AM 10:08 LARRY L. HENRY, CLERK

You are hereby summoned to defend a civil action filed against you in <u>Circuit Court, Hamilton County, Tennessee</u>. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: July 22, 2022          H. Novkov
                               Clerk / Deputy Clerk

Attorney for Plaintiff: Steven W. Keyt
Keyt Law Firm, PLLC
200 W. ML. King Blvd., Suite 300, Chattanooga, TN 37402  (423)541-3941

**NOTICE OF PERSONAL PROPERTY EXEMPTION**
TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**
I, LARRY L. HENRY, CLERK, _____ Clerk of Hamilton County do certify this to be a true and correct copy of the original summons issued in this case.
Date: 7-22-2022          H. Novkov
                         Clerk / Deputy Clerk

[Hamilton County Tennessee Circuit Court SEAL]

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____          By: _____
                                    Please Print: Officer, Title

_____                _____
Agency Address                  Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at (*

EXHIBIT A

| Circuit Court<br>Hamilton County,<br>Tennessee | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 2 of 2 | Case Number:<br>22C764 |
|---|---|---|
| | Danuta Plyer vs. Northline Utilities, LLC and Jacob D. Simmons | |

styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

_____
Notary Public / Deputy Clerk (Comm. Expires) _____

_____
Signature of Plaintiff

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

DANUTA PLYER, )
    Plaintiff, ) DOCKET NO. 22C764
) 
) DIVISION _____
v. )
) JURY DEMANDED
NORTHLINE UTILITIES, LLC., ) (TWELVE PERSONS)
and JACOB D. SIMMONS, )
)
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, Danuta Plyer, by and through her attorney, and sues the Defendants for damages resulting from personal injuries and property damage sustained in an automobile accident that occurred on September 30, 2021 in Hamilton County, Tennessee and for her causes of action, states:

### PARTIES AND JURISDICTION

1. Plaintiff, Danuta Plyer, is a resident of Buffalo Grove, Illinois.

2. Defendant, Northline Utilities, LLC., is a New York corporation. Northline Utilities, LLC's primary place of business is in Au Sable Forks, New York. It is a provider of construction services to the electric utilities industry. Northline Utilities, LLC may be served with process through its Registered Agent, James Atkins, Chief Financial Officer, Lori Mayott, or other officer of the corporation at 15 School Lane, Suite 200, AuSable, NY, 12912-4352.

3. Defendant, Jacob Simmons, is a resident of Alna, Maine and may be served at his residence at 1405 W. Alna Rd, Alna, ME 04535. Mr. Simmons was employed by Northline Utilities, LLC and was driving a bucket truck for the company on September 30, 2021 when he crashed into several vehicles on I-24, including the automobile being operated by the Plaintiff.

4.     This action arises out of a collision which occurred on September 30, 2021 on I-24 East in Hamilton County, Tennessee. Jurisdiction and venue are proper in this Court.

## FACTS

5.     Plaintiff was operating her 2019 Subaru Forester East on I-24 in Chattanooga, Hamilton County, Tennessee in a safe and careful manner on September 30, 2021. As the Plaintiff approached mile marker 174 at approximately 2:35 p.m., traffic slowed. The Plaintiff, traveling in the right lane, reduced her speed and followed the other traffic at a safe distance. The traffic in both the right and left lanes was slowing or had stopped.

6.     The Defendant, Jacob Simmons, was also travelling on I-24 East on September 30, 2021. Mr. Simmons was driving a large, Freightliner bucket truck for his employer, Northline Utilities, LLC. The Freightliner bucket truck was being operated pursuant to authority granted by the United States to Northline Utilities, LLC to operate Commercial Motor Vehicles (CMVs) and had a placard displaying the USDOT number issued to the company.

7.     As Mr. Simmons approached the slow moving or stopped traffic in the right and left lanes of I-24 East, he failed to slow or stop the Freightliner and plowed into three vehicles in front of him in the right and left lanes, including the 2019 Subaru Forester being operated by the Plaintiff, Danuta Plyer. Ms. Plyer's vehicle was sent spinning across the highway.

## CAUSES OF ACTION

### Count 1 – Negligence (Jacob Simmons)

8.     The proximate cause of the accident and the injuries and damages sustained by the Plaintiff was the negligence and the negligence per se of Jacob Simmons.

9.     Mr. Simmons failed to operate the truck he was driving with reasonable care, considering the hazards of the road, traffic, and other conditions. He failed to keep the truck under

Page 2 of 6

Case 1:22-cv-00218-DCLC-SKL   Document 1-1   Filed 08/26/22   Page 4 of 8   PageID #: 7

reasonable control, failed to keep a proper lookout under the existing circumstances, failed to see and be aware of what was in his view, and failed to use reasonable care to avoid an accident. Mr. Simmons's negligence proximately caused the accident and the injuries and damages suffered by the Plaintiff.

10. Mr. Simmons violated certain statutes of the State of Tennessee which proximately caused the accident including:

- T.C.A. § 55-8-123 – Traffic Lanes.
- T.C.A. § 55-8-124 – Following Too Closely.
- T.C.A. § 55-8-136 – Drivers to Exercise Due Care.
- T.C.A. § 55-8-152 – Speed Limits – Penalties
- T.C.A. § 55-8-153 – Establishment of Speed Zones

Mr. Simmons's violation of these statutes was negligence per se or as a matter of law which proximately caused the accident and the injuries and damages suffered by the Plaintiff.

**Count 2 – Negligence and Vicarious Liability (Northline Utilities, LLC)**

11. Jacob Simmons was employed by Northline Utilities, LLC at the time of the accident and was driving for the company when the accident occurred. The Freightliner bucket truck he was driving had a placard with the USDOT number issued to Northline Utilities, LLC. Northline Utilities, LLC is vicariously liable for the acts and omissions of Jacob Simmons pursuant to the doctrine of *Respondeat Superior*.

12. Northline Utilities, LLC was negligent in hiring Jacob Simmons. Northline Utilities, LLC failed to properly qualify Mr. Simmons and determine that he could safely operate a truck before allowing him to drive for the company. Northline Utilities, LLC negligently

entrusted the operation of the truck to Mr. Simmons. The negligence of Northline Utilities, LLC proximately caused or contributed to cause the accident and the injuries and damages sustained by the Plaintiff.

13. Northline Utilities, LLC failed to properly train Jacob Simmons in the proper operation of large trucks. The negligence of Northline Utilities, LLC in failing to properly train Mr. Simmons proximately caused or contributed to cause the accident and the injuries and damages sustained by the Plaintiff.

14. Northline Utilities, LLC failed to properly supervise and control Jacob Simmons as he was operating a large truck on the roadways of Tennessee. The negligence of Northline Utilities, LLC proximately caused or contributed to cause the accident and the injuries and damages sustained by the Plaintiff.

## DAMAGES

15. The Plaintiff sustained personal injuries in the accident of September 30, 2021. Her injuries caused her to suffer physical and mental pain and discomfort. The Plaintiff, as a result of her injuries, has suffered a loss of enjoyment of life. The Plaintiff has incurred medical expenses for the treatment of her injuries and will continue to incur medical expenses for treatment of her injuries. Her injuries may be permanent.

16. The Plaintiff's 2019 Subaru Forester was destroyed in the accident. She is entitled to the fair cash market value of the vehicle immediately before the accident as well as reasonable compensation for loss of use of the vehicle. Other items of personal property in the car were damaged or destroyed.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on the Defendants requiring them to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against the Defendants as follows:

A. For compensatory damages against the Defendants, Northline Utilities, LLC and Jacob Simmons, an amount deemed fair and reasonable by the jury for her personal injuries not to exceed $500,000.00;

B. For compensatory damages against the Defendants, Northline Utilities, LLC and Jacob Simmons, an amount deemed fair and reasonable by the jury for her property damage not to exceed $40,000.00;

C. For all costs incurred as a result of this action;

D. For discretionary costs, pre-judgment and post-judgment interest;

E. That Court costs be taxed to the Defendants;

F. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

The Plaintiff demands a jury of twelve (12) to try the issues.

Respectfully submitted,

**KEYT LAW FIRM, PLLC**

By: _____
STEVEN W. KEYT (009200)
*Attorney for Plaintiff*
200 W. M.L. King Blvd., Ste. 300
Chattanooga, TN 37402
Phone: (423) 541-3941
Fax: (423) 541-3942
Email: stevenkeyt@keytlawfirm.com